IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v..<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 4:23-cv-206-P |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S PRELIMINARY-INJUNCTION MOTION**

Defendants respectfully request that the Court extend the deadline for their response to Plaintiff Career Colleges and Schools of Texas's (CCST's) motion for a preliminary injunction, ECF No. 23, by 19 days, to May 15, 2023. CCST opposes this motion. But for the reasons below, Defendants submit that good cause exists to grant it.

1.　CCST filed its 84-page, 303-paragraph complaint on February 28, 2023. *See* ECF No. 1. The complaint challenges a final rule regarding Defendants' administration of the federal student loan programs that was published on November 1, 2022, and that will take effect on July 1, 2023. *See id.* ¶¶ 1–2.

2.　On March 17, 2023, Defendants moved to dismiss this case for improper venue. *See* ECF No. 12. Defendants moved in the alternative for the case to be transferred to the United States District Court for the District of Columbia or to the Austin Division of the Western District of Texas. *See id.*

3. On April 5, five weeks after initiating this case and before responding to Defendants' pending motion, CCST filed a motion for a preliminary injunction. *See* ECF No. 23. CCST's motion came almost three weeks after the filing of Defendants' motion to dismiss or transfer for improper venue, and more than five months after the publication of the rule CCST challenges.

4. On April 7, CCST responded to Defendants' motion to dismiss or transfer for improper venue. *See* ECF No. 26.

5. Upon receiving CCST's response brief, the Court found "that an expedited reply from Defendants is necessary," and ordered Defendants' reply to be filed by April 14. *See* ECF No. 28. Defendants timely filed their reply. *See* ECF No. 31.

6. By operation of Local Rule 7.1(e), Defendants' response to CCST's motion for a preliminary injunction is due on April 26.

7. An adjustment to this response period is warranted for several reasons.

8. First, by allowing additional time for the Court to resolve Defendants' motion to dismiss or transfer for improper venue before briefing proceeds on CCST's motion for a preliminary injunction, an extension of time for Defendants' response will promote the efficient and orderly disposition of this case.

9. Defendants' motion challenges venue in this District; if granted, it would obviate the need for any further proceedings here. *See, e.g.*, *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (where motion to transfer was "timely . . . disposition of that motion should have taken a top priority in the handling of [the] case"); *In re*

*Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."). It is thus appropriately considered prior to CCST's preliminary injunction motion, especially given that Defendants' challenge to venue preceded CCST's motion. *See Adrianza v. Trump*, 505 F. Supp. 3d 164, 173 (E.D.N.Y. 2020) ("When defendants object to venue, a district court must address venue before it can decide the merits of a motion for a preliminary injunction."), *vacated and dismissed as moot*, *Adrianza v. Biden*, No. 20-4165, 2021 WL 10140434 (2d Cir. Oct. 13, 2021); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017) ("Courts faced with an argument that venue is improper must resolve that issue prior to addressing the merits of any claim, including a preliminary injunction.").

10. Additionally, proceeding to briefing on the merits before the Court decides Defendants' venue motion would undermine the purposes of venue provisions. *Cf. Myers v. Am. Dental Ass'n*, 695 F.2d 716, 721 (3d Cir. 1982) ("The rule [that venue should be raised promptly] benefits the court as well as the opposing party by requiring a litigant to raise certain technical objections, the basis of which should be apparent from the outset of the action, before the litigation has moved forward."). As explained in further detail in Defendants' briefs concerning venue, the only provision CCST invokes to establish venue in this District (28 U.S.C. § 1391(e)(1)(B)) in fact establishes that venue is proper in an entirely different jurisdiction, namely the District of Columbia. And if this case were properly brought in (or transferred to)

that district, D.C. Circuit law would govern the disposition of CCST's claims. Given that, it would be inefficient for the parties to brief the merits of CCST's claims in this District, applying Fifth Circuit law.

11. Second, an extension of time is appropriate to permit sufficient time for Defendants' counsel to prepare an adequate and thorough response to CCST's preliminary-injunction motion. That motion builds on arguments made in CCST's lengthy complaint and requests nationwide injunctive relief on numerous grounds against a complex, 170-page rule governing myriad aspects of the federal student loan programs. Defendants respectfully submit that the modest extension requested in this motion would enable them to prepare a brief that is as helpful as possible to the Court in its consideration of these important issues.

12. Finally, no party will be prejudiced by the extension Defendants request. The rule that CCST challenges will not go into effect until July 1, and even with Defendants' proposed extension, briefing on CCST's preliminary-injunction motion will conclude well in advance of date.

13. Moreover, any burden on CCST that would be associated with Defendants' proposed extension is self-inflicted. The rule that CCST challenges was promulgated in November of last year, yet CCST waited more than five months to move for preliminary injunctive relief, including five weeks from the date it filed its complaint. It would be inequitable to require Defendants to brief the merits of CCST's request for nationwide injunctive relief in this case on a substantially shorter timeline than CCST has allowed itself.

14.     This is the first extension that Defendants have sought with respect to the deadline to respond to CCST's motion for a preliminary injunction, and the requested extension would not affect any other currently pending deadlines.[1]

15.     For the foregoing reasons, Defendants respectfully submit that an order permitting them to respond to CCST's motion for a preliminary injunction by May 15, 2023, would promote the efficient resolution of this matter. Defendants therefore request that the Court issue an order extending Defendants' response deadline by 19 days, to May 15, 2023.

Dated: April 17, 2023                                        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Cody T. Knapp
CHRISTINE L. COOGLE
CODY T. KNAPP (NY #5715438)
R. CHARLIE MERRITT
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005

---

[1] Because CCST still has not properly served the Office of the United States Attorney for the Northern District of Texas, the time for Defendants to answer the complaint has not yet begun to run. *See* Fed. R. Civ. P. 4(i)(1)(A)(ii) ("To serve the United States, a party must [among other things] . . . send a copy of [the summons and complaint] by registered or certified mail to *the civil-process clerk* at the United States attorney's office." (emphasis added)); Fed. R. Civ. P. 12(a)(2) ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.").

                                      Telephone: (202) 532-5663
                                      Facsimile: (202) 616-8470
                                      E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 13, 2023, counsel for Defendants contacted counsel for CCST to obtain CCST's position on the relief requested in this motion. I further certify that, on April 14, 2023, counsel for CCST reported CCST's position as follows: "We oppose that request because it would unduly curtail the Court's time to consider the full briefing, including our reply brief."

When Defendants' counsel asked, in the interest of compromise, whether CCST would consent to a shorter extension of Defendants' response deadline, to May 8, 2023, counsel for CCST reported CCST's position as follows: "We oppose that modified request on the same ground, namely, because in our view it would unduly curtail the Court's time to consider the full briefing, including our reply brief, and to compose an opinion."

The following attorneys were parties to these communications:

For Plaintiff: Michael Murray; Allyson Baker; Sameer P. Sheikh.

For Defendants: R. Charlie Merritt; Cody T. Knapp; Christine L. Coogle.

                                           */s/ Cody T. Knapp*
                                           CODY T. KNAPP