UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CAREER COLLEGES & SCHOOLS OF TEXAS,**

 Plaintiff,

v.           No. 4:23-CV-0206-P

**UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,**

 Defendants.

## OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss for Improper Venue or in the Alternative to Transfer. ECF No. 12. For the following reasons, the Court holds that the Motion is **GRANTED IN PART** and thus **TRANSFERS** the case to the Western District of Texas, Austin Division.

## FACTUAL AND PROCEDURAL BACKGROUND

Career Colleges & Schools of Texas ("CCST") is a trade-board corporation that represents the interests of various secondary educational institutions throughout the state. ECF No. 1. CCST is formed as a Texas corporation and with its principal place of business in Austin, Texas. *Id.* Members schools pay annual dues to be a part of CCST and some of CCST's members reside in the Fort Worth Division. *Id.*

CCST brings a challenge to a final rulemaking proposal by the Department of Education that makes it easier for students to defend against repayment of student loans to institutions that make misrepresentations or omissions to prospective and current students. *See* Institutional Eligibility Under the Higher Education Act of 1965, 87 FED. REG. 65,904 (Nov. 1, 2022).

Defendants assert that this case does not belong in this division or district. The Court agrees.

## LEGAL STANDARD

### A. Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal where venue is improper. FED. R. CIV. P. 12(b)(3). The Fifth Circuit has not addressed who bears the burden when a defendant raises improper venue—creating a split among district courts. *Compare Bounty-Full Entm't, Inc. v. Forever Blue Entm't Grp., Inc.*, 923 F. Supp. 950, 957 (S.D. Tex. 1996) (Hoyt, J.) (placing the burden on defendant), *with Langton v. Cbeyond Commc'n, LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003) (Davis, J.) (placing the burden on plaintiff); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (Kent, J.) (placing the burden on the plaintiff). And while courts in this district usually put the burden exclusively on a defendant, this makes little sense when the plaintiff is the best situated to make its case for why it chose the venue in the first place. To hold otherwise places an unnecessary burden on defendants who must take up the position of jurisdictional detectives without the tools of discovery. Put simply, if a plaintiff cannot defend its choice of venue, the case does not belong there in the first place.

The Court thus holds that after venue is raised by a defendant, the plaintiff has the burden to prove that venue is proper. *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Plaintiff need not exhaustively prove venue is appropriate but only needs to make a prima facie showing. *Id.; see also Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (using this same test for personal jurisdiction). A court should accept undisputed facts in a plaintiff's pleadings as true and resolve factual conflicts in the plaintiff's favor. *Int'l Cotton Mktg., Inc. v. Commodity Credit Corp.*, No. 5:08-CV-159-C ECF, 2009 WL 10705345, at *2 (N.D. Tex. Feb. 4, 2009) (Cummings, J.); *McCaskey*, 133 F. Supp. 2d at 523.

## ANALYSIS

### A. Transactional Venue

In civil actions where the defendants are officers or employees of the United States, venue is proper in any judicial district in which: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

Here, the parties concede that neither Defendants nor Plaintiff reside in this district or division.[1] The Court thus addresses whether a substantial part of the events occurred in this division—also known as "transactional venue." *See, e.g.*, *Int'l Cotton Mktg.*, 2009 WL 10705345, at *2, *3.

Transactional venue occurs were "a substantial part of the events or omissions giv[e] rise to the claim." 28 U.S.C. § 1391(e)(1). This Court and others have held that venue under this provision is proper where "an unlawful rule imposes its burdens." *See, e.g.*, *Umphress v. Hall*, 479 F. Supp. 3d 344, 351–52 (N.D. Tex. 2020) (Pittman, J.); *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (O'Connor, J.). The plain text "events or omissions giving rise to the claim" implicates "the" parties bringing the claim and not "a" generalized burden on non-parties. § 1391(e)(1); *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) ("Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning.").

Plaintiff asserts that the final rule affects many educational institutions in this division—including some of its members. This burden in turn qualifies as an "unlawful rule imposing its burdens" in this division. Plaintiff cites *Umphress* and *Texas* as clear guidance. But Plaintiff has a major problem—none of the "burdened" schools or institutions that reside in this division are parties here.

---

[1] Defendants are officers and agencies of the United States, and Plaintiff is a Texas Corporation with its principal place of business in Austin, Texas. *See* ECF No. 1.

In *Umphress*, the plaintiff—a state court judge—was a resident in the Fort Worth Division and performed twelve separate civil ceremonies in the division. *Umphress*, 479 F. Supp. 3d at 351–52. The named plaintiff in *Umphress* was both (1) present in the division and (2) subject to the burden imposed by the rule. *Id.*

Likewise, in *Texas*, the State of Texas had employees and officers in the Wichita Falls Division. *Texas*, 95 F. Supp. 3d at 973. Again, the named plaintiff—the State of Texas—was both (1) present in the division and (2) subject to the burden imposed by the rule. *Id.*

In *Sigoloff*, the plaintiff failed to establish residency of the division and did not establish any meaningful connection to the division despite having ample opportunity to do so. *Sigoloff v. Austin*, No. 4:22-CV-00923-P, 2023 WL 2142982, at *2 (N.D. Tex. Feb. 21, 2023) (Pittman, J.). The Court transferred Sigoloff's case because (1) the plaintiff had no presence in the division, and thus (2) there was no burden imposed on any party in the division. *Id.* Plaintiff asserts that *Sigoloff* does not address the question in this case, "but rather stands for the proposition that transactional venue requires a link between events or omissions in the district and the claims at issue." ECF No. 26 at 17. Plaintiff is exactly right in the reasoning behind the case but is wrong as to its application here.

Plaintiff argues that its "members" in the division and non-members, like Texas Christian University, are equal to the plaintiffs in *Umphress* and *Texas*. But none of the members or non-members that Plaintiff mentions are parties. This is clearly distinguishable from a named party having corporate residence, corporate presence, sovereign presence, or employees in the division. Thus, Plaintiff's assertion that "transactional venue requires a link between events or omissions in the district and the claims at issue" means that a party bringing the claim must be present in the district or division in some real capacity and burdened by the unlawful rule. ECF No. 26 at 17. Plaintiff—an Austin, Texas corporation—may have an interest in assisting various burdened parties in the division, but it does not have any presence.

Thus, venue is improper in the Fort Worth Division or the Northern District of Texas.

## B. 1404(a) Transfer

Because venue is not proper in this district or division, the Court must determine whether the case should be dismissed or transferred to a district where venue is proper. *See* § 1404(a). The party moving to transfer venue bears the burden of showing good cause as to why the case should be transferred. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Defendant asserts that venue should be transferred to either the District of Columbia or the Western District of Texas. And while venue would certainly be proper in the District of Columbia, the Court determines that the Western District of Texas is a more appropriate venue to hear this case. Specifically, the Austin Division is where Plaintiff is located and affords some "respect" to Plaintiff's original choice of forum—even though it was an incorrect one. *See In re Volkswagen of Am.*, 545 F.3d at 315.

To determine whether a case should be transferred, courts must analyze four private and four public interest factors—none of which are given dispositive weight. *See In re Volkswagen AG*, 371 F.3d at 203.

### 1. Private-Interest Factors

The private-interest factors are: (1) the accessibility of sources of proof; (2) the ability of the court to secure the attendance of witnesses; (3) the cost of attendance for witnesses; and (4) all other factors that make a trial expeditious and inexpensive. *See In re Volkswagen AG*, 371 F.3d at 203. Regarding Section 1404(a) and APA cases, the private-interest factors are usually neutral as these cases generally involve only questions of law and require no merits discovery or testimony to resolve the case.

*First*, the accessibility of sources of proof is not a major issue here as Plaintiff is making a challenge to administrative rulemaking under the APA. *Second*, the ability of the court to secure the attendance of witnesses is likely not an issue due to the nature of the case which likely

5

requires no witnesses. *Third*, the cost of attendance for witnesses is also not a major issue in a case that requires no witnesses. *Fourth*, requiring Plaintiff to refile the case in a new district would cause a waste of time and expenses. And a transfer out of state would likely require an association with new attorneys—costing more time and money on the Plaintiff's part.

The private-interest factors weigh slightly in favor of transfer.

### 2. Public-Interest Factors

The public-interest factors are: (1) the court's congestion and ability to hear the case; (2) the forum's interest in having localized interests decided at home; (3) the familiarity of the forum with the applicable law; and (4) the avoidance of conflict of laws in the application of foreign law. *See In re Volkswagen AG*, 371 F.3d at 203–04.

*First*, the Court determines that the Western District is not unusually congested and can hear the case. *Second*, the forum is the home of CCST, and so the city of Austin and the State of Texas—as Plaintiff notes—have a direct interest in hearing the case. *Third*, the Western District is familiar with the APA because it is a federal district court in Texas. *Fourth*, no foreign law affects the case, and conflict of law is unlikely to exist in an administrative-rule-making challenge like this one.

Thus, the public interest factors heavily favor transfer, and—taken together with the private factors—the Court finds that a transfer to the Western District is warranted.

### C. Conclusion

For the reasons stated above, this Court **GRANTS** Defendants' motion in part and **TRANSFERS** this case to the Western District of Texas, Austin Division.

**SO ORDERED** on this **17th day of April 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE